995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Aror Ark O'DIAH, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA WORKERS' COMPENSATION APPEALS BOARD, et
al., Defendants-Appellees.
 No. 92-15978.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 26, 1993.
 
 Before HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Aror Ark O'Diah appeals pro se the district court's sua sponte dismissal of his civil rights action. O'Diah claims that numerous defendants conspired to discriminate against him based on his race by denying him legal relief and insurance benefits arising from automobile accidents. He contends that the district court erred by finding that this claim was frivolous under 28 U.S.C. § 1915(d). We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and affirm.
 
 
 3
 Pursuant to 28 U.S.C. § 1915(d), the district court may sua sponte dismiss a frivolous in forma pauperis action. Neitzke v. Williams, 490 U.S. 319, 324 (1989). An action is frivolous if it lacks an arguable basis either in law or in fact. Id. at 325; Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). An action lacks an arguable basis in fact if the plaintiff's factual allegations are "fanciful" or "clearly baseless" or "describ[e] fantastic or delusional scenarios." Neitzke, 490 U.S. at 325, 327, 328; see also Hernandez, 112 S.Ct. at 1733 ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").
 
 
 4
 O'Diah's complaint alleged that the many defendants, including the parties involved in his insurance claims and the judges who rendered decisions in favor of his adversaries, conspired to intimidate and harass him based on his race. As the district court found, these allegations were, "at best, delusional and fanciful." See Hernandez, 112 S.Ct. at 1733; Neitzke, 490 U.S. at 325, 327, 328. Accordingly, the district court did not abuse its discretion by dismissing the action. See Hernandez, 112 S.Ct. at 1734.
 
 
 5
 Appellee California State Automobile Association Inter-Insurance Bureau's request for Fed.R.App.P. 38 sanctions is denied.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3